```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA           :
                                          MEMORANDUM OF LAW
        - v. -                     :
                                          S4 05 Cr. 1157 (LAK)
RAHEEN DAVIS,                      :
    a/k/a "Dice,"
                                   :
             Defendant.
                                   :
- - - - - - - - - - - - - - - - - - -X
```

**GOVERNMENT'S MEMORANDUM OF LAW RELATING TO COLLATERAL ESTOPPEL**

```
                                   MICHAEL J. GARCIA
                                   United States Attorney for the
                                   Southern District of New York
```

```
Katherine A. Lemire
John M. Hillebrecht
Assistant United States Attorneys
     - Of Counsel -
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA          :
                                       MEMORANDUM OF LAW
        - v. -                    :
                                       S4 05 Cr. 1157 (LAK)
RAHEEN DAVIS,                     :
   a/k/a "Dice,"
                                  :
              Defendant.
                                  :
- - - - - - - - - - - - - - - - - -X
```

**GOVERNMENT'S MEMORANDUM OF LAW RELATING TO COLLATERAL ESTOPPEL**

### INTRODUCTION

The Government submits this memorandum to address the question of whether the defendant's motion to suppress his post-arrest statement is foreclosed by the prior decision of the Honorable Victor Marrero denying an identical motion in case number 05 Cr. 694 (VM). For the reasons set forth below, the Government respectfully submits that the applicability of the doctrine of collateral estoppel in these circumstances is not entirely free from doubt and that the better course would be for the Court to conclude the suppression hearing and render an independent decision.

**Point I**

**THE DEFENDANT SHOULD NOT BE PRECLUDED FROM**

**RELITIGATING HIS MOTION TO SUPPRESS HIS POST-ARREST STATEMENT**

Currently pending before the Court is the defendant's motion to suppress his post-arrest statement because it was taken in violation of his Constitutional right to remain silent. Because this exact issue, with respect to the exact same statement, was previously litigated by this defendant and resolved against him, the question arises whether the defendant is collaterally estopped from relitigating it again here. That question is complicated by the fact that Davis has appealed his conviction before Judge Marrero, specifically claiming that the suppression of his statement was error. For the reasons set forth below, the Government respectfully submits that the defendant should not be precluded from pursuing his motion to suppress before Your Honor.

A.   <u>Applicable Law</u>

"The doctrine of collateral estoppel, developed largely in the context of civil litigation, is designed to prevent repetitious litigation of the same issue by the same parties. It applies generally to preclude relitigation of an issue resolved by a final judgment in a prior legal action. While some of the policies underlying the application of the doctrine may be different, it is well established that the principles of

collateral estoppel apply in criminal, as well as in civil, litigation." *See Laughlin* v. *United States*, 344 F.2d 187, 189 (D.C. Cir. 1965). Where, as here, "an issue of ultimate fact has . . . been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *See Ashe* v. *Swenson*, 397 U.S. 436, 443 (1970). In this Circuit, there are four requirements for the application of collateral estoppel:

> (1) the issue in both proceedings must be identical;
>
> (2) the issue must have been actually litigated and actually decided in a prior proceeding;
>
> (3) there must have been a full and fair opportunity for the litigation of the issue in the prior proceeding;
>
> (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits.

*Irish Lesbian and Gay Organization* v. *Giuliani*, 143 F.3d 638, 646 n.2 (2d Cir. 1998); *Computer Assocs. Int'l* v. *Altai, Inc.*, 126 F.3d 365, 371 (2d Cir. 1997); *accord Faulkner* v. *National Geographic Society*, 294 F.Supp.2d 523, 531 (S.D.N.Y. 2003) (Kaplan, J.); *Semi-Tech Litigation, LLC.* v. *Bankers Trust Co.*, 272 F.Supp.2d 319,324 (S.D.N.Y. 2003) (Kaplan, J.).

Though the doctrine is applicable in criminal cases and proceedings pursuant to Section 2255, "collateral estoppel is less liberally applied in criminal cases than in civil actions,

because 'considerations peculiar to the criminal process may outweigh the need to avoid repetitive litigation.' " *Laaman* v. *United States*, 973 F.2d 107, 113 (2d Cir. 1992)(§ 2255 proceeding), quoting *Pinkney* v. *Keane*, 920 F.2d 1090, 1096 (2d Cir. 1990).

The party seeking the application of collateral estoppel "'bears the burden of showing with clarity and certainty what was determined by the prior judgment,' so that 'issue preclusion will apply only if it is quite clear that this requirement has been met.'" *BBS Norwalk One* v. *Raccolta, Inc.*, 117 F.3d 674, 677 (2d Cir. 1997), quoting *Clark* v. *Bear Stearns & Co.*, 966 F.2d 1318, 1321 (9th Cir. 1992). Similarly, the party asserting preclusion bears the burden of demonstrating that an issue, even if identical to the issue in the later proceeding, was necessary to the judgment in the prior proceeding. *United States* v. *McGowan*, 58 F.3d 8, 12 (2d Cir. 1995).

At least two Circuit Courts of Appeals has held that the Government cannot invoke collateral estoppel to preclude a *criminal* defendant from relitigating a motion to suppress evidence or similar factual issue that the defendant has already lost. *United States* v. *Harnage*, 976 F.2d 633, 635 (11th Cir. 1992) (holding that Government may not collaterally estop a criminal defendant from relitigating a motion to suppress statements decided against the defendant in a different court in

4

a prior proceeding, while noting that it was a matter of first impression in the 11th Circuit); *United States* v. *Gallardo-Mendez*, 150 F.3d 1240, 1246 (10th Cir. 1998) (Government may not use plea of guilty to collaterally estop a criminal defendant from relitigating an issue); *see also United States* v. *Hoskins*, 639 F. Supp. 512, 515 (W.D.N.Y. 1986) (declining to preclude defendants from relitigating suppression issue where defendants had previously requested return of property under Rule 41(e) prior to indictment).  The Third Circuit has noted that it "has never held that collateral estoppel can be invoked by the government against a defendant in a criminal trial," while observing that other Circuits have split on the issue.  *United States* v. *Price*, 13 F.3d 711, 720 (3d Cir. 1994).

As far as the Government's research has revealed, only the Eighth and Ninth Circuits have squarely held that the Government may preclude re-litigation of issues relating to motions to suppress evidence and the like on the grounds that a prior adjudication estops the defendant from revisiting the issue.  Neither case is directly on point.  *United States* v. *Arnett*, 327 F.3d 845 (9th Cir. 2003), involved a bank robber who concededly used the same weapon to commit a bank robbery in Oregon and a bank robbery in California.  Trial on the Oregon robbery commenced first.  There, the defendant asserted a defense to the firearms count premised on his claim that the weapon was

5

an "antique" (and hence not a "Firearm" as defined in the statute). The jury convicted him of that count, necessarily rejecting the defense. When it was time to try him in California on the other robbery, Arnett attempted to interpose the same "antique" defense. He was precluded from doing so. The Court of Appeals for the Ninth Circuit held that Arnett was properly collaterally estopped from relitigating that issue. 327 F.3d at 847-49. Although acknowledging that "the majority of cases where collateral estoppel had been applied in the federal courts are largely those in which the doctrine has been invoked for the benefit of the defendant, by way of defense," the Ninth Circuit relied on earlier precedent to hold that the preclusion of the antique gun defense was "a classic example of the proper application of collateral estoppel." 327 F.3d at 849-50 (internal quotation marks and citations omitted).

The Eighth Circuit reached a somewhat similar conclusion in *United States* v. *Rosenberger*, 872 F.2d 240 (8th Cir. 1989). There, prior to indictment Rosenberger moved pursuant to Federal Rule of Criminal Procedure 41(e) for return of property seized. The District Court ruled that the warrant was not defective on its face and that the supporting affidavit provided sufficient probable cause. After he was indicted, Rosenberger moved to suppress the same evidence. That motion was denied; it is not clear whether the basis for the District

Court's denial was collateral estoppel or some other grounds. The Government argued on appeal that "the doctrine of collateral estoppel precludes Rosenberger's current appeal," and the Eighth Circuit agreed because "Rosenberger's earlier Rule 41(e) motion resulted in a judgment on the merits on exactly the same issue he seeks to raise in this appeal." 872 F.2d at 241-42; *but see United States* v. *Hoskins*, 639 F. Supp. 512, 515 (W.D.N.Y. 1986) (declining to preclude defendants from relitigating suppression issue where defendants had previously requested return of property under Rule 41(e) prior to indictment); *see generally* Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 11.2(g) (2008) (discussing state cases discussing whether collateral estoppel can be used against a defendant in a criminal case).

thus, as the Tenth Circuit has observed, there is "a clear split among [the] Circuits" as to "whether the government may use the doctrine of collateral estoppel to preclude a criminal defendant from raising an issue adjudicated in a prior criminal proceeding." *Gallardo-Mendez*, 150 F.3d at 1242 n.3.

Although the Second Circuit has not squarely answered the question raised by Your Honor, it has discussed the issue at least twice. In *United States* v. *Cheung Kin Ping*, 555 F.2d 1069 (2d Cir. 1977), the Court of Appeals considered a case in which the District Court (Brieant, J.) refused to hold a suppression

hearing because the same defendant had made and lost the same motion in the District of Florida, holding that the defendant "should be collaterally estopped to relitigate the issue here." 55 F.2d at 1075. The Second Circuit began its analysis of the issue by stating: "As far as we are aware, the trial judge's application of the doctrine of collateral estoppel against a criminal defendant is unprecedented in this Circuit." 55 F.2d at 1076. The Court then observed that, because Cheung won a reversal of his Florida conviction in the Fifth Circuit, under a straightforward application of collateral estoppel principles he could not be precluded from litigating the admissibility of the statements. Accordingly, the Court held, "it is unnecessary for us to reach the more difficult issue of whether collateral estoppel can ever be invoked by the government in a criminal case." 55 F.2d at 1076. In the intervening 30 years, there has yet to be a definitive answer to that "difficult issue" by the Second Circuit.

   However, in a 1992 decision, *United States* v. *Laaman*, 973 F.2d 107 (2d Cir. 1992), the Second Circuit intimated that that collateral estoppel might well apply in the instant context, while not quite holding one way or the other. The *Laaman* decision involved an earlier decision from the District of Massachusetts in a case captioned *United States* v. *Levasseur*. To provide context for the *Laaman* decision, the relevant portions of

8

the *Levasseur* opinion are discussed below.

In *United States* v. *Levasseur*, 699 F.Supp. 965 (D. Mass 1998), the Massachusetts district court considered whether defendants in that district were collaterally estopped from relitigating certain suppression issues that had been "exhaustively litigated and ultimately denied in another case involving the same defendants in the Eastern District of New York." *See Levasseur*, 699 F. Supp. at 980. The Massachusetts District Court held that "a decision by one federal judge can and should bind another provided that the governing law is the same." 699 F. Supp. at 981. That Court went on to set out the following requirements in order for a suppression hearing to have preclusive effect:

> *First*, there obviously must be an identity of issues in the two proceedings. *Second*, a defendant must have had sufficient incentive to have vigorously and thoroughly litigated the issue in previous proceedings. Thus, courts should hesitate to estop a defendant who lost a suppression hearing in a previous matter involving charges relatively minor compared to the present charges. *Third*, the defendant estopped must have been a party to the previous litigation. *Fourth*, the applicable law must be identical in both proceedings. If the proceedings in question take place in districts in different circuits, the defendant cannot be estopped unless the governing law is the same. *Fifth* and finally, the first proceeding must result in a final judgment on the merits that provides the defendant not only the opportunity to appeal, but sufficient incentive.

699 F. Supp. at 981 (internal citations omitted). The *Levasseur* court ruled that while six defendants were collaterally estopped

9

from relitigating these claims with respect to a seizure of evidence, one defendant, as to whom a mistrial had been declared midway through trial, was not estopped because she had not had an opportunity to appeal this ruling.  699 F. Supp. at 981-82.

In considering some of these same defendant's applications for post-conviction relief from their convictions in the Eastern District of New York, the Second Circuit had the opportunity to consider the *Levasseur* decision.  In petitioners' application for post-conviction review, the crux of their argument was that the Second Circuit was "collaterally estopped by the determinations in the First Circuit."  *See Laaman* v. *United States*, 973 F.2d 107, 112 (2d Cir. 1992).  The Second Circuit rejected the claim in the following terms:

> If any estoppel were operative, it might more appropriately have inhibited the district court in Massachusetts from deciding the suppression issue differently from the prior decision here solely because a new argument was advanced, and a new precedent invoked, on the identical issue in Massachusetts. Collateral estoppel does not turn upon a determination that a prior ruling was <u>correctly</u> rendered, or that all possibly relevant arguments were made and authorities cited in the initial proceeding, but rather upon a recognition that an issue tendered for resolution in a later litigation has been finally determined in a prior adjudication after a full and fair opportunity for litigation in which the issue was actually litigated and necessary to the prior decision.
>
> . . .
>
> More specifically, a prior decision by another court on a motion to suppress is not ordinarily reconsidered in the absence of substantial new evidence or extraordinary circumstances.

973 F.2d at 112-13 (citations omitted).  The Second Circuit then found that the District Court's rulings in the District of Massachusetts, which failed to afford preclusive effect to the prior rulings of the E.D.N.Y. regarding the suppression of the same evidence "constituted an extraordinary circumstance that relieves us of any obligation to give binding effect to the First Circuit determinations."  973 F.2d at 112-13.  The Court also noted that collateral estoppel is less liberally applied in criminal cases because considerations unique to the criminal process "may outweigh the need to avoid repetitive litigation."  973 F.2d at 113.

Thus, the *Laaman* case does not establish a firm rule about giving preclusive effect to prior suppression rulings.  Far from it.  Indeed, the case explicitly did not decide "whether or not the district court in the District of Massachusetts should have accorded preclusive effect" to the earlier suppression decision, and merely rejected the argument that *the Second Circuit* should be bound by the Massachusetts determination.  973 F.2d at 113.  Thus, we are faced with "a clear split" in the Circuits on this precise issue, an issue on which the Second Circuit has never ruled and as to which only one Southern District of New York judge has ever invoked collateral estoppel (only to be reversed in *Cheung Kin Ping*).

The analysis is clouded further by one additional

11

consideration: Davis has appealed his conviction before Judge Marrero, specifically claiming that the suppression of his statement was error; that Appeal has not yet been decided. Certain courts that have applied preclusive effect to prior suppression decisions have declined to do so in similar circumstances. For example, one of the leading cases in this area, the District of Massachusetts decision in *Levasseur*, 699 F. Supp. at 981-82, refused to collaterally estop one defendant from relitigating the suppression claim, because that defendant had been dismissed "midway through the New York trial," and hence "was not party" to the appeal to the Second Circuit and was not able to appeal the ruling in any way. Under the *Levasseur* court's fifth criterion set forth above ("the first proceeding must result in a final judgment on the merits that provides the defendant not only the opportunity to appeal, but also sufficient incentive," 699 F. Supp. at 981), the court held that that defendant was not collaterally estopped. The Eighth Circuit's decision in *Rosenberger*, discussed above, also suggests obliquely that the pendency of Davis's appeal might impact the analysis, rendering collateral estoppel unavailable here. In *Rosenberger*, the defendant tried to appeal the initial order but his request to proceed *in forma pauperis* was denied. The Eighth Circuit rejected the argument, citing civil cases for the proposition that issue preclusion still applies even "when leave to appeal

12

the first judgment *in forma pauperis* was denied." 872 F.2d at 242. These decision inject another element of uncertainty into the analysis. That remains the case even though there is considerable law in the civil context to the effect that for purposes of collateral estoppel analysis "a decision is 'final' when judgment is entered, even if an appeal is later filed." *Narumanchi* v. *Foster*, 2006 WL 2844184, at *5 (E.D.N.Y. 2006); *see generally Metromedia Co.* v. *Fugazy*, 983 F.2d 350, 366 (2d Cir. 1992) (noting that the "concept of finality for collateral estoppel purposes includes many dispositions which, though not final [for the purposes of appeal pursuant to 28 U.S.C. § 1291], have nevertheless been fully litigated") (internal quotation marks omitted). But there is also law suggesting the contrary. *See, e.g., Lipin* v. *Hunt*, ___ F. Supp.2d ____, 2008 WL 703712, at *8 (S.D.N.Y. Feb. 20, 2008) ("Because of the pending appeal, [the earlier] decision is not yet final and does not yet have preclusive effect.")

## **CONCLUSION**

For all of the foregoing reasons, we respectfully suggest that the Court should conclude the suppression hearing and reach an independent determination. Although a strong argument can be made that Davis is precluded from relitigating the issue, the lack of clear authority in this Circuit, and the

split amongst the other Circuits discussed above, militates against an application of collateral estoppel here.

>
> Respectfully submitted,
>
> MICHAEL J. GARCIA
> United States Attorney
> Southern District of New York
>
> By:   S/
>       Katherine A. Lemire
>       John M. Hillebrecht
>       Assistant United States Attorneys
>       (212) 637-2532/0064

Dated:   April 14, 2008
         New York, New York