UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

UNITED STATES OF AMERICA                     :

    - against -                                             :    S4 05 Cr. 1157 (LAK)

RAHEEN DAVIS,                                         :
  a/k/a "Dice,"
                              Defendant.        :

------------------------------------------------------------ X


**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM OF LAW
RELATING TO DEFENDANT'S MOTION TO PROCEED *PRO SE***


                        MICHAEL J. GARCIA,
                        *United States Attorney for the*
                        *Southern District of New York,*
                        *Attorney for the United States*
                               *of America.*

KATHERINE A. LEMIRE,
JOHN M. HILLEBRECHT,
*Assistant United States Attorneys*
     *Of Counsel.*

April 24, 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

UNITED STATES OF AMERICA                :

   - against -                              :        S4 05 Cr. 1157 (LAK)

RAHEEN DAVIS,                                   :
   a/k/a "Dice,"
                         Defendant.      :

------------------------------------------------------------ X

### GOVERNMENT'S SUPPLEMENTAL MEMORANDUM OF LAW
### RELATING TO DEFENDANT'S MOTION TO PROCEED *PRO SE*

### INTRODUCTION

At the conclusion of the April 17 court conference, the defendant stated that (i) he "did not want this individual [Mitchel Dinnerstein, Esq.] as [his] attorney; (ii) he "would like to go pro se in all respects" but (iii) he was "not ready for trial." (Transcript of April 16, 2008, Conference ("April 16 Tr.") at 206. By Order dated April 17, the Court invited the parties to brief the issue of whether his second statement necessitated any further action by the Court and whether the defendant's previous waiver of his right to self-representation "was irrevocable." (April 17, 2008, Order).[1] For the reasons set forth below, on this record and given the careful findings already made by the Court, we

---

[1] That Order directed the parties to file their submissions by April 22. However, the Government somehow overlooked the Order and hence missed that filing deadline. We apologize to the Court and the defense for the lateness of this submission.

do not believe that these latest statements by the defendant change the analysis and we do not believe that the Court need take any additional action.

Given the record in this case, we submit that there is every reason for the Court to find that the defendant's latest statements (as his earlier statements) were "at least as much [an attempt] to force an adjournment of the trial and appointment of yet another lawyer as it is in fact to represent himself." (Transcript of April 9, 2008, Suppression Hearing ("April 9 Tr.") at 96, 97). More to the point, given the Court's previous finding that the defendant had waived his right to self-representation because of his repeated vacillation as to what course he wished to pursue and his failure to unequivocally state his position (April 16 Tr. at 136-38), there is no reason to believe that these statements differ in any way from his previous abortive requests to represent himself (which were detailed in the Government's April 14, 2008, briefing on this issue). *See generally United States* v. *Reddeck*, 22 F.3d 1504, 1510-11 (10th Cir. 1994) (noting that courts have "repeatedly shown concern with the use of the right to waive counsel as a 'cat and mouse' game with the courts" and holding that "[o]nce the defendant has elected either to waive counsel or waive the constitutional right to defend himself, he does not have an unlimited right to thereafter change his mind and seek the other path of representation") (citations omitted); *Williams* v. *Bartlett*, 44 F.3d 95, 100-01 (2d Cir. 1994) ("Of course, when a defendant changes his mind after trial begins, or does so repeatedly at any stage, a court may find that the conduct is manipulative or abusive in

some other way. If so, the conduct can be considered vacillation, and a trial judge may find the request equivocal.").

Frankly, given the record of prior requests to proceed *pro se* and the equivocal statements made by the defendant at the April 9th conference, it would have been in the discretion of the Court to have held that the defendant waived his right to self-representation at that point. Out of an abundance of caution, at the April 16 conference the Court gave the defendant yet another chance to unequivocally assert his right to represent himself. (April 16 Tr. at 133). The Court afforded the defendant yet another opportunity to make an unequivocal assertion. The defendant quite plainly failed to do so, never providing a clear answer to the Court's repeated inquiries. (*See, e.g.*, April 16 Tr. at 136 ("THE COURT: ... you are dilly-dallying around and about"). The defendant's parting shot at the last moments of the conference, seeking to fire his lawyer, ostensibly "go pro se in all respects," and adjourn the trial, does not undo his history of equivocation. Indeed, these last requests were simply of a piece with his strategy throughout — an "attempt[] to terminate Mr. Dinnerstein and . . . to proceed pro se for tactical reasons . . . to force an adjournment of the trial." (April 16 Tr. at 132).

That he attempts to support this delaying tactic with groundless charges of ineffective assistance by Mr. Dinnerstein or a conflict of interest between the two does not change that simple fact. *See generally United States* v. *Jones*, 482 F.3d 60, 74-75 (2d Cir. 2006) (2d Cir. 2006) (defendant's mere assertion that his attorney is ineffective,

3

supported only by complaints that his counsel had not visited him enough to enable him to communicate regarding defense strategy, is insufficient); *United States* v. *Doe*, 272 F.3d 116, 123-26 (2d Cir. 2001) (no total breakdown in communications or insuperable conflict of interests where defendant had threatened to murder defense counsel and his family, had attacked defense counsel, and had claimed that defense counsel would not discuss defense strategies with him). No doubt relations between Davis and his counsel are strained. But the right to conflict-free representation does not "guarantee a 'meaningful relationship' between the defendant and his counsel." *United States* v. *Doe*, 272 F.3d at 122 (citation omitted).

As the Court has also observed, if the defendant "refuses to communicate with Mr. Dinnerstein, that will be his own choice," a choice reflecting "an attempt to force Mr. Dinnerstein's removal" and hence an adjournment. (April 16 Tr. at 131). Because the record makes quite clear that the defendant "substantially and unjustifiably contributed" to any problems in communication and that "substitution of new counsel was unlikely to solve the problem, " *Doe*, 272 F.3d at 123-25, an eleventh-hour substitution of yet another defense lawyer would be a futile gesture. Similarly, given that the defendant's request to proceed *pro se* seems linked to both the substitution of advisory counsel and an adjournment, we do not believe that there is any further action that the Court need take. Even were that request not so linked, given the Court's amply-justified findings that the defendant has waived his right to self-representation through vacillation

4

and tactical gamesmanship, at this point and on this record there is no reason to revisit that finding.

## CONCLUSION

For all of the foregoing reasons, we respectfully submit that the Court need take no further action at this time.

                        Respectfully submitted,

                        MICHAEL J. GARCIA
                        United States Attorney
                        Southern District of New York

By:        S/
      Katherine A. Lemire
      John M. Hillebrecht
      Assistant United States Attorneys
      (212) 637-2532/0064

Dated:     April 24, 2008
             New York, New York

5