RECEIVED MAY 07 2008 JUDGE KAPLAN'S CHAMBERS

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MEMORANDUM ORDER

Memorandum to All Persons Providing Services Pursuant to Subsection (e) of the Criminal Justice Act, 18 U.S.C. 3006(A), in the Case of __USA vs. Davis et al.__

Number __05 CR 1157 (LAK)__

RE:   Interim Payments for Representation of Counsel

Because of the expected length of the trial in this case, and the anticipated hardship on counsel in undertaking representation full-time for such a period without compensation, pursuant to paragraph 2.30 B of the of the Guidelines for the Administration of the Criminal Justice Act, the following procedures for interim payments shall apply during the course of your representation in this case:

1. Submission of Vouchers

   Counsel shall submit to the court clerk monthly an interim CJA Form 30, "Death Penalty Proceedings: Appointment of and Authority to Pay Court Appointed Counsel." The first interim voucher submitted shall reflect all compensation claimed and reimbursable expenses incurred from the date of your appointment; thereafter, the vouchers shall be submitted monthly according to the schedule outlined below. Compensation earned and reimbursable expenses incurred from the first to the last day of each month. Each voucher shall be numbered in series and include the time period each covers. Interim vouchers shall be submitted in accordance with this schedule even though little or no compensation or expenses are claimed for the respective period. All interim vouchers shall be supported by detailed and itemized time and expense statements. Chapter VI, as well as the applicable provisions of Chapter II, Part C of the Guidelines for the Administration of the Criminal Justice Act, outlines the procedures and rules for claims by CJA attorneys and should be followed regarding each voucher.

   I will review the interim vouchers when submitted, particularly with regard to the amount of time claimed, and will authorize compensation to be paid for the approved number of hours. I will also authorize for payment all reimbursable expenses reasonably incurred.

2. Reimbursable Expenses

   Counsel may be reimbursed for out-of-pocket expenses reasonably incurred incident to the representation. While the statute and applicable rules and regulations do not place monetary limit on the amount of expenses that can be incurred, counsel should incur no single expense item in excess of $150.00 without prior approval of the Court. Such approval may be sought by filing an ex parte application with the Clerk stating the nature of the expense, the estimated dollar cost and the reason the expense is necessary to the representation. An application seeking such

approval may be filed in camera, if necessary. Upon finding that the expense is reasonable, I will authorize counsel to incur it. Recurring expenses, such as telephone toll calls, photocopying and photographs are not considered single expenses requiring Court approval.

With respect to travel outside of New York City for the purpose of consulting with the client or his or her former counsel, interviewing witnesses, etc., the $150.00 rule should be applied in the following manner. Travel expenses, such as mileage, parking fees, meals and lodging, can be claimed as itemized expenses. Therefore, if the reimbursement of expenses relating to a single trip will aggregate an amount in excess of $ 150.00, the travel should receive prior approval of the Court.

The following guidelines may be helpful:

a. Case related travel by privately owned automobile should be claimed at the rate of  .505 cents per mile, plus parking fees, ferry fares, and bridge, road, and tunnel tolls. Transportation other than by privately owned automobile should be claimed on an actual expense basis. Air Travel in "first class" is **prohibited.**

b. Actual expenses incurred for meals and lodging while traveling outside of New York City in the course of this representation must conform to the prevailing limitations placed upon travel and subsistence expenses of federal judiciary employees in accordance with existing government travel regulations. For specific details concerning high cost areas, counsel should consult the clerk.

c. Telephone toll calls, telegrams, photocopying, and photographs can all be reimbursable expenses if reasonably incurred. However, general office overhead, such as rent, secretarial help, and telephone service, is not a reimbursable expense, nor are items of a personal nature. In addition, expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by Rule 17, F.R.Cr.P. and 28 U.S.C. 1825.

3. Further questions or guidance

Answers to questions concerning services provided pursuant to the Criminal Justice Act can generally be found in (1) 18 U.S.C. 3006A; (2)the Plan of the Untied States District Court for the Southern District of New York, available through the clerk, and (3) Guidelines for the Administration of the Criminal Justice Act, published by the Administrative Office of the U.S. Courts, also available through the clerk. Should these references fail to provide the desired clarification or direction, counsel should address their inquiry directly to me or my staff.

_____
UNITED STATES DISTRICT JUDGE

5/7/08
_____
DATE